1  DANIEL J. LICKEL (SB# 224510)
   1102 Cesar Chavez Pkwy
2  San Diego, CA  92113
   Telephone:  (858) 952-1033
3  Facsimile:  (619) 546-0792

4  *Attorneys for Debtor*
   Erick Lindgren

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE, | Bankruptcy No.  12-08239-MM13 |
|---|---|
| Erick Allan Lindgren, | |
| Debtor. | **"EX PARTE" APPLICATION FOR ORDER NUNC PRO TUNC EXTENDING THE TIME WITHIN WHICH DEBTOR MAY FILE OBJECTION  TO MOTION OF U.S. TRUSTEE** |
| | **Dept.:** 1<br>**Room:** 218<br>**Judge:** Margaret Mann |

### "EX PARTE" APPLICATION FOR ORDER EXTENDING TIME

Debtor requests a court order extending time *nunc pro tunc* to file an objection and request an amendment to the stipulation for waiver of discharge signed by the Debtor.  The request is made because Debtor's counsel recently discovered legal provisions that should be taken into account in the issuance of any order in response to the U.S. Trustee's motion.   Debtor's counsel regrets that he was not aware of this law before, but feels this matter is important enough to warrant granting Debtor an opportunity to raise concerns about these legal provisions and the stipulation to be addressed by the Court.  Debtor understands that the U.S. Trustee opposes this ex parte application.

Debtor Erick Lindgren signed a stipulation for waiver of discharge.  He still intends to go through with that.  However, the stipulation stated that he could not discharge any debts listed in the present bankruptcy in any future bankruptcy filed by the debtor.  When debtor's counsel raised concerns about this provision of the stipulation when the stipulation was being negotiated, the U.S. Trustee's counsel responded that that language is always used by the U.S. Trustee and that the waiver was being entered pursuant to section 727(a)(10).

-1-

"EX PARTE" APPLICATION FOR ORDER EXTENDING TIME NUNC PRO TUNC TO FILE OBJECTION

1  At the time these concerns were raised, Debtor's counsel was not aware that under section 1328(a) debts scheduled in this bankruptcy could be discharged by a future Chapter 13 full compliance discharge pursuant to section 1328(a), assuming the debtor otherwise qualified, because section 523(a)(10) is not one of the sections listed in section 1328(a)(2) as being excepted from discharge in a full compliance Chapter 13.  *See Pennsylvania Department of Public Welfare v. Davenport,* 495 U.S. 552, 563 (1990); *In re Smith*, 586 F.3d 69, 75 (1st Cir., 2009) (Affirming ruling that domestic obligation nondischargeable under 523(a)(15) was dischargeable in a chapter 13 case).

The net effect of these provisions is that by requiring the Debtor to sign the stipulation agreeing that no debt scheduled in this case could be discharged in any bankruptcy filed by the Debtor in the future, the U.S. Trustee was seeking something that it could not obtain if she had successfully prosecuted a section 727 action against the Debtor.

Upon discovering these legal provisions on about May 24, Debtor's counsel raised this issue with the U.S. Trustee's attorney on May 28, while preparing the stipulation to extend the hearing date and the U.S. Trustee's attorney responded that she would look into the issue.  These legal provisions would lead Debtor to request a clarification in any Court order specifying on the U.S. Trustee's motion that the Court's order does not supersede the effect of a full compliance Chapter 13 discharge.

Debtor requests an opportunity to raise these issues to the Court at the rescheduled hearing on June 27, 2013.  Therefore, Debtor requests that the Court allow the filing of the three page objection that is filed concurrently herewith.

Respectfully submitted,

DATED:  June 5, 2013        By:   /S/ Daniel Lickel
                                                    DANIEL LICKEL,  Attorney for Debtor

-2-

"EX PARTE" APPLICATION FOR ORDER EXTENDING TIME NUNC PRO TUNC TO FILE OBJECTION

|     |     |
| --- | --- |
| 1   | MEMORANDUM OF POINTS AND AUTHORITIES |
| 2   | Local Bankruptcy Rule of Procedure 9013-6(a)(1)(F) states that a motion extending time |
| 3   | may be made on an Ex Parte basis without notice.  Debtor understands that the deadline for filing |
| 4   | any objection to the motion has passed.  Debtor requests an opportunity to raise the issues |
| 5   | discussed above because the information that forms the basis for the objection was discovered |
| 6   | after the date the opposition was due.   The action of denying discharge based on a waiver of |
| 7   | discharge is an extraordinary step.  As a result, Debtor requests an opportunity to be heard on the |
| 8   | matters discussed above regarding the possibility of receiving a Chapter 13 discharge in the |
| 9   | future. |
| 10  | WHEREFORE, the Debtor respectfully prays for relief as follows:  An Order *nunc pro* |
| 11  | *tunc* allowing Debtor to file the three page objection filed concurrently herewith to raise the legal |
| 12  | issues discussed above that can be discussed at the June 27, 2013 hearing. |
| 13  | Respectfully submitted: |
| 14  | DATED:  June 5, 2013           By:   /S/ Daniel Lickel |
| 15  | DANIEL J. LICKEL<br>Attorney for Debtor |

-3-

"EX PARTE" APPLICATION FOR ORDER EXTENDING TIME NUNC PRO TUNC TO FILE OBJECTION

1 | DECLARATION OF DANIEL LICKEL

2 | I, DANIEL LICKEL, declare as follows:

3 | 1.  I am admitted to practice law in the State of California and appear before the United States District Court for the Southern District of California. I represent the Debtor in this bankruptcy proceeding. I have personal knowledge of the following:

6 | 2.  Debtor signed a stipulation to waive discharge.

7 | 3.  When negotiating its terms, I raised concerns about language in the stipulation that said the Debtor could not receive a discharge of any debt listed in his Chapter 7 bankruptcy in any future bankruptcy proceeding. Counsel for the U.S. Trustee responded that this language was always required by the U.S. Trustee and that since the waiver was being entered under 727(a)(10) that was the legal effect of the waiver.

12 | 4.  On about May 24, 2013, I discovered that debts listed in a Chapter 7 bankruptcy proceeding where the debtor waives discharge could still be discharged in a Chapter 13 case because section 523(a)(10) is not one of the non-dischargeable debts listed in section 1328(a)(2).

15 | 5.  On May 28, 2013, I raised the issue with counsel for the U.S. Trustee in a telephone conversation and followed up with an email on May 29., 2013. In response, the U.S. Trustee's attorney responded by saying, "I have some priority matters next week but will look into the issue you raise with regard to the discharge stipulation thereafter and we can further discuss."

19 | 6.  I sent an email inquiry to counsel for the U.S. Trustee at about 10:45 regarding this ex parte application. In response she said that she would oppose the application.

21 | I declare under penalty of perjury that the preceding is true and correct and I executed this declaration on the June 5, 2013 in the City of San Diego.

/S/  Daniel Lickel
DANIEL J. LICKEL, ESQ.

-4-

"EX PARTE" APPLICATION FOR ORDER EXTENDING TIME NUNC PRO TUNC TO FILE OBJECTION