|   |   |
|---|---|
| 1 | DANIEL J. LICKEL (SB# 224510) |
| 2 | 1102 Cesar Chavez Pkwy<br>San Diego, CA  92113 |
| 3 | Telephone:  (858) 952-1033<br>Facsimile:  (619) 546-0792 |
| 4 | *Attorneys for Debtor* |
| 5 | Erick Lindgren |

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE, | Bankruptcy No.  12-08239-MM13 |
| Erick Allan Lindgren,<br><br>         Debtor. | **OBJECTION  TO MOTION OF U.S. TRUSTEE SEEKING APPROVAL OF STIPULATION FOR WAVIER OF DISCHARGE**<br><br>**Dept.:     1**<br>**Room:    218**<br>**Judge:    Margaret Mann** |

The purpose of this objection is to request that any order approving the stipulation signed by the parties clarify that the waiver does not trump the provisions of the Bankruptcy Code that allow for debts scheduled in a bankruptcy where a discharge is waived to be discharged in a future Chapter 13 bankruptcy.

Debtor Erick Lindgren signed a stipulation for waiver of discharge.  He still intends to go through with that.  However, the stipulation that he signed stated that he could not discharge any debts listed in the present bankruptcy in any future bankruptcy filed by the debtor.  When debtor's counsel raised concerns about this provision of the stipulation when the stipulation was being negotiated, the U.S. Trustee's counsel responded that that language is always used by the U.S. Trustee and the waiver was being entered pursuant to section 727(a)(10).

At the time these concerns were raised, Debtor's counsel was not aware that under section 1328(a), debts scheduled in this bankruptcy could be discharged by a future Chapter 13 full compliance discharge pursuant to section 1328(a), notwithstanding a waiver of discharge in this case and of course assuming the debtor otherwise qualified.  This conclusion  follows from the statutory construction of section 1328(a)(2).

When a waiver of discharge occurs, 11 U.S.C. section 523(a)(10) makes the debts listed

-1-

"EX PARTE" APPLICATION FOR ORDER EXTENDING TIME NUNC PRO TUNC TO FILE OBJECTION

1  in that bankruptcy non-dischargeable in any future chapter 7 bankruptcy.  That provision is
2  incorporated into the Chapter 11 Discharge provision at 11 U.S.C. section 1141(a)(2) which says
3  that a chapter 11 discharge does not discharge any debt nondischargeable under section 523
4  where the debtor is an individual.  However, 11 U.S.C. section 1328(a)(2) does not incorporate all
5  subsections of 523 as nondischargeable in a Chapter 13 case.  Only specific sections are
6  incorporated.  Notably, section 523(a)(10) is omitted and debts covered by the omitted sections
7  have been deemed dischargeable in a full compliance Chapter 13 case.  *See Pennsylvania*
8  *Department of Public Welfare v. Davenport,* 495 U.S. 552, 563 (1990); *In re Smith*, 586 F.3d 69,
9  75 (1st Cir., 2009) (Affirming ruling that domestic obligation nondischargeable under 523(a)(15)
10 was dischargeable in a chapter 13 case).

11       The U.S. Trustee argues that a Debtor may still prospectively waive his right to a Chapter
12 13 discharge even though Congress did not provide a mechanism by which a Chapter 13 debtor
13 could waive discharge.  However, a case cited by the U.S. Trustee, *In re Cole*, 226 B.R. 647 (9th
14 Cir. BAP 1998) actually supports the view that a debtor cannot prospectively waive a chapter 13
15 discharge.  In the *Cole* case, the court affirmed a ruling that a prepetition stipulation to waive
16 discharge approved by a state court was unenforceable.  The Court held that such should be
17 unenforceable because Congress did not provide an exception to discharge for such waivers.  In
18 the same way that the BAP refused to honor a prepetition waiver of discharge entered by the state
19 court in *Cole*, any requirement that a debtor waive a future chapter 13 discharge as a precondition
20 to avoiding the expense of defending against a 727 action should also be unenforceable.

21       Debtor does not deny that right now he could not qualify for a Chapter 13 bankruptcy
22 because his unsecured debt exceeds the debt limits for Chapter 13; however, this objection is not
23 about right now.  It is about the future and in the future it is possible to conceive that the Debtor
24 could resolve so much of his debt that the only remaining financial challenges he faces could be
25 dealt with in a voluntary Chapter 13 case.  Allowing him to do so would be appropriate and
26 consistent with the policy behind the Chapter 13 option of encouraging debtors to seek a final
27 resolution that actually results in paying money to their creditors.

28       By requiring the Debtor to sign the stipulation agreeing that no debt scheduled in this case

could be discharged in any bankruptcy, including a future Chapter 13 Bankruptcy, the U.S. Trustee, U.S. Trustee sought something that it could not obtain if she had successfully prosecuted a section 727 action against the Debtor. As a result, Debtor requests that the Court clarify in its order approving the discharge, that the waiver does not impact his ability to receive a discharge of debts scheduled in this bankruptcy in the event that he one day does qualify for a Chapter 13 discharge.

Respectfully submitted,

DATED: June 5, 2013

By: /S/ Daniel Lickel
DANIEL LICKEL, Attorney for Debtor

## DECLARATION OF DANIEL LICKEL

I, DANIEL LICKEL, declare as follows:

1. I am admitted to practice law in the State of California and appear before the United States District Court for the Southern District of California. I represent the Debtor in this bankruptcy proceeding. I have personal knowledge of the following:

2. Debtor signed a stipulation to waive discharge. When negotiating its terms, I raised concerns about language in the stipulation that said the Debtor could not receive a discharge of any debt listed in his Chapter 7 bankruptcy in any future bankruptcy proceeding. Counsel for the U.S. Trustee responded that this language was always required by the U.S. Trustee and that the waiver was being entered under 727(a)(10).

3. On about May 24, 2013, I discovered that debts listed in a Chapter 7 bankruptcy proceeding where the debtor waives discharge could still be discharged in a Chapter 13 case because section 523(a)(10) is not one of the non-dischargeable debts listed in section 1328(a)(2).

4. On May 28, 2013, I raised the issue with counsel for the U.S. Trustee in a telephone conversation and followed up with an email on May 29., 2013.

I declare under penalty of perjury that the preceding is true and correct and I executed this declaration on the June 5, 2013 in the City of San Diego.

/S/ Daniel Lickel
DANIEL J. LICKEL, ESQ.

-3-

"EX PARTE" APPLICATION FOR ORDER EXTENDING TIME NUNC PRO TUNC TO FILE OBJECTION